IN THE MATTER OF THE ESTATE OF KATE DONOVAN, DECEASED.

[No. 15,063; decided April 9, 1903.]

**Decree of Distribution—Failure of Executor to Comply with.—** *Where an executor is cited to show cause why he should not have paid to a distributee the amount apportioned her by a decree of partial distribution, and in defense he raises issues of law and of fact, the question should be tried in the ordinary case of law rather than in the probate form.*

Application of Kate Donovan for an order on executors to show cause why they have not paid amount distributed to her.

Kierce & Gillogley, for the applicant.

William M. Sims, for Daniel King, one of the executors.

Edward C. Harrison, formerly attorney for executors.

COFFEY, J.   In this case the records show that while Daniel King and James King were the executors of the will

of Cornelius King, deceased, this court made a decree of partial distribution, distributing to Kate Wholley, now Donovan, the sum of $2,343.75. She claims that no part of this amount has ever been paid to her, nor to any person authorized by her to receive it, and that the executors are liable, and should be ordered to pay, as they never have been discharged from their trust.

Daniel King alone was cited, and he appears and answers by affidavit, setting forth that one Kate Sullivan, claiming kinship with said Cornelius King, entered into a written contract with an attorney, W. H. Levy, to revoke the probate of decedent's will and obtain for her a part of the estate, agreeing to give him one-half of all moneys received for her, and to secure said Levy assign to him one-half of her interest in the estate; that pending the contest Kate Sullivan died leaving several sons and daughters, including Kate Wholley; that the said attorney, W. H. Levy, after her death, continued the contest in the name of Kate Sullivan, in behalf of her children, and finally obtained a compromise, which was reduced to writing, and in which it is recited that said W. H. Levy was the duly authorized attorney in fact of all of said Kate Sullivan's children, and was signed by W. H. Levy as their attorney in fact; that following this agreement, and on September 18, 1896, a partial distribution of the estate was made, under which decree two thousand three hundred and forty-three and seventy-five one-hundredths ($2,343.75) dollars was distributed to said Kate Wholley, and a like sum to each of the other seven children of Kate Sullivan; and afterward, on September 21, 1896, the two executors paid said W. H. Levy the amount distributed to said Kate Wholley and took from him a receipt signed "Walter H. Levy, attorney for Kate Wholley"; that afterward, on September 28, 1906, the probate of said will and the letters testamentary thereon were revoked, and the said Daniel King and James King had no further authority as executors of said estate except to close their account as such; that on November 11, 1896, said executors filed their final account, and among their disbursements was an item of the sum paid to said W. H. Levy for Kate Wholley; and on November 25, 1896, after due and legal notice, the account was settled.

These matters of response and defense raise issue of law to be determined at this time, and of fact to be tried hereafter, if the court finds that it has jurisdiction to afford relief in the premises.

The payments which the respondent here claims to have made, and by the record appear to have made, were to the late Walter H. Levy, the attorney of record for Kate Wholley, now Donovan, the petitioner. This attorney had appeared for her, and being an officer of this court his right to so appear must be presumed. It seems that he claimed also to be her attorney in fact, and as such authorized to receive and receipt for her share of the estate. It appears that in this guise he received that share more than five years before the filing of the petition herein. Ordinarily, the statute of limitations would be pleadable; but in view of the conclusion this court has reached upon the first point the other need not be discussed.

The respondent's position that he is entitled to have the question raised here tried in the ordinary course of law is sustained by the latest expressions of the sense of the supreme court.

If there were any doubts upon this point, the court should not attempt to exercise jurisdiction, especially if it appear that the petitioner has another remedy. In this case section 1666, Code of Civil Procedure, would seem to afford relief to her, and to forbid recourse in this form to this forum. The section cited provides that in the order or decree of distribution, the court must name the persons and the proportions or parts to which each shall be entitled, and such persons may demand, sue for, and recover their respective shares from the executor or administrator, or any person having the same in possession, and such order or decree is conclusive as to the rights of heirs, legatees, or devisees, subject only to be reversed, set aside, or modified on appeal.

The citation is discharged.

———

**When a Decree of Distribution is Made,** it becomes the duty of the executor or administrator to deliver the estate to the parties designated by the court. No special or express order to that effect is authorized or required. Upon the entry of the decree, the law fixes

this duty on him. He still.remains an officer of the court, subject to its jurisdiction, until his final discharge; and hence the court has authority, if necessary, to compel him, by punishment as for a contempt, to make a delivery to the distributees of the respective shares. More than this, the codes expressly confer on the distributees the right to maintain an action against the executor or administrator to recover their distributive shares. The action is against him individually, and may be prosecuted notwithstanding his final discharge. The complaint therein need not allege a demand·on him as executor or administrator; the action itself is a sufficient demand: Estate of Treweek, 1 Cof. Pro. Dec. 132; 1 Ross on Probate Law and Practice, 852.